JOSEPH P. DELFINO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Delfino v. Commissioner
Docket Nos. 3924-77, 3925-77, 3928-77, 3929-77.
United States Tax Court
T.C. Memo 1981-657; 1981 Tax Ct. Memo LEXIS 85; 42 T.C.M. (CCH) 1656; T.C.M. (RIA) 81657; November 12, 1981. Joseph P. Delfino, pro se. Judy Jacobs, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: In these consolidated cases respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax: Additions to Tax
Docket No.
Year
Deficiency
Sec. 6653(b)
Sec. 6653(a) [1]
3924-77
1970
n2 $ (30.00)
$ 886.50
3929-77
1971
1,279.00 2,676.00
3925-77
1972
4,814.00 13,920.00
3928-77
1973
28,284.00 $ 1,414.00
*86 In his Amendments to Answers respondent has alleged in the alternative that, if the Court should not sustain the additions to tax under section 6653(b), then the petitioner is liable for additions to tax as follows: Additions to Tax
Year
Sec. 6651(a)(1)
Sec. 6653(a)
1970
$ 443.25
$ 88.65
1971
1,338.00
267.60
1972
6,960.00
1,392.00
Respondent has conceded that petitioner is not liable for the addition to tax under section 6653(a) for 1973. The parties have stipulated some adjustments in petitioner's gross receipts for the years in issue and they have agreed that, except for the additions to tax for fraud or, alternatively, the additions under sections 6651(a)(1) and 6653(a) for 1970, 1971 and 1972, the other adjustments specified in the notices of deficiencies are correct. Thus, there remains for decision whether any part of the underpayment of tax for each of the years 1970, 1971 and 1972 was due to fraud with intent to evade tax or, alternatively, *87 whether the petitioner is liable for the additions to tax under section 6651(a)(1) for delinquency and section 6653(a) for negligence. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. Joseph P. Delfino (petitioner) was a resident of Moline, Illinois, when he filed his petitions in these cases. Petitioner, a securities salesman, did not file timely Federal income tax returns for the years 1970, 1971 and 1972. Although he was aware of his obligation to file the returns, he though he should not do so unless he had the money to pay the taxes shown to be due on the returns. While the petitioner had substantial financial obligations and cash flow problems, his declared net worth in 1972 was at least $ 194,000. Prior to April 15 of each succeeding year the petitioner received Forms 1099 for 1970, 1971 and 1972 from various companies for which he sold securities. There were discrepancies and inaccuracies in the Forms 1099 received by him reflecting his commission income. Prior to the second quarter of 1972 the petitioner or someone on his behalf applied for an employer identification number. When no employment tax return *88 (Form 941) was filed for the second quarter of 1972, a computer check of the non-filing resulted in the assignment of a taxpayer delinquency investigation of the Form 941 to Revenue Officer John Warren. On May 1, 1973, the petitioner, who was cooperative, met with Mr. Warren and signed a statement that he did not have any employees and did not have to file a Form 941. When asked by Mr. Warren whether he had filed a Form 1040 for 1972, the petitioner stated that he had not yet filed because of problems with Hynes & Howes Securities Company over the amounts of his commission income. Mr. Warren never followed up to see whether the 1972 Federal income tax return was filed. Sometime in 1973 the petitioner had consulted with and retained the accounting firm of McGladrey, Hansen, Dunn & Co., Rock Island, Illinois, to review the records of the securities companies and his records and prepare his Federal income tax returns for the years in issue. Prior to that time the petitioner had not been contacted by the Internal Revenue Service. His Federal income tax returns were completed, after some difficulty, by the accounting firm in January 1974 and they were filed by the petitioner on April 12, 1974. *89 These delinquent returns reported tax liabilities of $ 1,803 for 1970, $ 4,073 for 1971 and $ 23,026 for 1972. These amounts [2] were paid by petitioner when the returns were filed. Shortly thereafter the petitioner was interviewed and questioned by Special Agent William G. Gilligan. A second interview and questioning by Special Agent Gilligan occurred on March 27, 1975. Petitioner cooperated in these interviews. Petitioner was later charged by a two count criminal information in the United States District Court for the Southern District of Illinois with failure to file Federal income tax returns for the years 1971 and 1972. On June 20, 1978, he was found guilty on both counts and on July 31, 1978, he was sentenced. Petitioner appealed the judgment of conviction. By an unpublished order dated September 27, 1979, the United States Court of Appeals for the Seventh Circuit reversed the conviction for lack of corroborating evidence. On his Federal income tax returns the petitioner reported the following gross receipts from commissions he earned as a securities salesman: *90 Gross Receipts
Year
Reported
1970
$ 29,151
1971
41,601
1972
116,835
The reported gross receipts were based on incorrect Forms 1099 received by petitioner from several companies. The amounts of commission income actually received by petitioner for such years were: Year
Amounts Received
1970
$ 27,251.41
1971
45,616.31
1972
93,542.28
In his notices of deficiencies respondent determined adjustments to petitioner's gross receipts as follows: Adjustment to
Year
Gross Receipts
1970
$ (1,900)
1971
4,055 1972
5,182 All other adjustments in the deficiency notices are business expenses or itemized deductions which are small or technical in nature. Petitioner's total gross receipts from commission income for the years 1970 through 1972 was overstated on his tax returns by $ 21,177. ULTIMATE FINDINGS 1. Respondent failed to prove fraud by clear and convincing evidence. 2. Petitioner did not have reasonable cause for failure to file timely Federal income tax returns for 1970, 1971 and 1972. 3. Any underpayments of tax for the years 1970, 1971 and 1972 was due to petitioner's intentional disregard *91 of rules and regulations. OPINION The parties have stipulated to the correct taxable income of the petitioner for each of the years 1970 through 1973. Thus, the principal issue presented for decision is whether the petitioner is liable for the additions to tax for fraud under section 6653(b). The burden of proving fraud is on the respondent, and he must carry his burden by clear and convincing evidence. Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure. He must show that the taxpayer intended to evade taxes which he knew or believed he owed, by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Acker v. Commissioner, 26 T.C. 107, 112-113 (1956). The presence or absence of fraud is a factual question to be determined upon consideration of the entire record. Mensik v. Commissioner, 328 F.2d 147, 150 (7th Cir. 1964), affg. 37 T.C. 703 (1962), *92 cert. denied 379 U.S. 827 (1964); Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969). We hold on this record that respondent has failed to prove fraud by clear and convincing evidence. What we have here is a petitioner who voluntarily filed his Federal income tax returns late prior to a special investigation by respondent's agents. Although petitioner was aware of his obligation to file returns, and he had received inaccurate Forms 1099 each year to remind him of his obligation, he did not file timely returns because he thought he had insufficient funds to pay the taxes when they were due. In fact, he had sufficient funds, as indicated by his declared net worth during the years in question. Being aware of his obligation to file returns, petitioner later employed an accounting firm to prepare his delinquent returns. They were prepared and filed on April 12, 1974, and the tax reported on each return was paid. In many respects the returns are accurate. On audit respondent made some adjustments, but most were of a technical nature and relatively small in amounts. The major discrepancies were determined with respect to the gross receipts the petitioner *93 reported as commission income. Since the Forms 1099 received from various securities companies were incorrect, the petitioner actually overstated in the aggregate the gross receipts reported on his returns for the years 1970, 1971 and 1972. After respondent completed his investigation the petitioner was prosecuted for willful failure to file his Federal income tax returns for 1971 and 1972 under section 7203. His conviction was reversed by the Court of Appeals for lack of corroborating evidence. The failure to file timely returns does not by itself establish fraud, although an extended pattern of nonfiling or late filing, when coupled with convicing affirmative acts showing the requisite intent to defraud, may warrant the imposition of the addition to tax for fraud. Stoltzfus v. United States, supra at 1005. Here we think the usual indicia of fraud are missing. The facts here stand in sharp contrast to those in Lord v. Commissioner, 525 F.2d 741 (9th Cir. 1975), affg. in part and revg. in part 60 T.C. 199 (1973), a case cited and heavily relied on by respondent, where the taxpayer filed no Federal income tax returns for six *94 consecutive years, substantially understated his commission income for each year after receiving correct Forms 1099, and entered a plea of guilty to an information charging him with willfully failing to file his returns. Accordingly, respondent's determination of fraud is not sustained, and we hold that the petitioner is not liable for the additions to tax under section 6653(b). In amendments to his answers respondent alleged that additions to tax for failure to file timely returns should be imposed pursuant to section 6651(a)(1) for the years 1970, 1971 and 1972. Respondent has the burden of proof on this issue. Rule 142(a), Tax Court Rules of Practice and Procedure. The only reason given by petitioner for the late filing of his returns was that he thought he did not have sufficient resources to pay his tax liabilities. This does not constitute reasonable cause for failure to timely file the returns. See Sanders v. Commissioner, 21 T.C. 1012, 1019 (1954), affd. 225 F.2d 629 (10th Cir. 1955); Jones v. Commissioner, 25 T.C. 1100, 1105-1106 (1956), revd. on other grounds 259 F.2d 300 (5th Cir. 1958); Nelson v. Commissioner, T.C. Memo. 1974-239; *95 section 301.6651-1(c)(1), Proced. & Admin. Regs. In view of the foregoing and on this record, we are satisfied that respondent has sustained his burden of proof on this issue. We hold that the petitioner is liable for the additions to tax under section 6651(a)(1). Respondent also alleged in the amendments to his answers that additions to tax under section 6653(a) should be imposed. The burden of proof on this issue is also on the respondent. Rule 142(a). He has met his burden by establishing that petitioner was aware of his obligation to timely file his returns and by failing to do so intentionally disregarded respondent's rules and regulations. Langston v. Commissioner, T.C. Memo. 1977-421. Accordingly, we hold for respondent on this issue. To reflect the stipulations of the parties and our conclusions on the disputed issues, Decisions will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise indicated. Petitioner testified that he also paid penalties and interest on the taxes reported on the returns.
[2]↩ This amount represents an overassessment.