FRANK KOWALIK, JR., AND KAREN KOWALIK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kowalik v. Commissioner
Docket No. 4410-89
United States Tax Court
T.C. Memo 1990-363; 1990 Tax Ct. Memo LEXIS 380; 60 T.C.M. (CCH) 151; T.C.M. (RIA) 90363; July 18, 1990, Filed *380 Decision will be entered for the respondent and will reflect the respondent's concession with respect to additions to tax under section 6653 as to Karen Kowalik. Frank Kowalik, Jr., and Karen Kowalik, pro se. Gary L. Bloom, for the respondent. COHEN, Judge. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in and additions to petitioners' Federal income tax liability as follows: Frank Kowalik, Jr.
Additions to Tax
Year
Deficiency
Sec. 6651
Sec. 6653(b)
Sec. 6654
1976
$  12,519.29
-
$  6,259.64
$   434.00
1977
55,963.10
-
27,981.55
1,964.00
1978
57,841.83
-
28,920.91
1,851.00
1979
104,977.72
-
52,488.86
4,391.00
1980
11,876.74
-
5,938.37
757.00
Karen Kowalik
Additions to Tax
Year
Deficiency
Sec. 6651
Sec. 6653(b)
Sec. 6654
1976
$ 1,015.00
-
$  51.00
-
1978
375.00
$    94.00
19.00
-
1979
6,531.00
1,633.00
327.00
$ 273.00
1980
2,453.00
613.00
123.00
156.00 Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Respondent has now conceded that the reference to section 6653(b) in the statutory notice sent to Karen Kowalik was in error, that the reference *381 should have been to section 6653(a), and that, therefore, Karen Kowalik is not liable for any additions to tax under section 6653. As more fully set forth below, petitioners failed to appear for trial and are otherwise in default. Thus, all issues other than the liability of Frank Kowalik, Jr. (petitioner), for additions to tax under section 6653(b), as to which respondent has the burden of proof, are decided against petitioners. Rules 123; 142(a) and (b); and 149. FINDINGS OF FACT Petitioners resided in Oklahoma City, Oklahoma, at the time they filed their petition. During 1976, 1977, 1978, 1979, and 1980, petitioner was engaged in the business of real estate sales and finance. Petitioner's principal source of income during those years was commissions received from Income Realty and Mortgage, Inc., or a related partnership, both of which were headquartered in Denver, Colorado. During 1976 through 1980, petitioner received income in the following amounts from the following sources: 1976
1977
1978
1979
Income Realty
Commissions
$ 25,429.68
$ 106,397.91
$ 104,895.26
$ 153,130.44
Witkin - W-2
Income
6,785.77
2,878.56
-    -    Merrill Lynch
Dividends After
Exclusion
134.00
345.00
403.50
1,527.90
Interest
World Savings
and Loan
948.79
2,167.93
1,062.27
111.11
Income Realty
500.00
-    -    -    Columbia Savings
-   156.65
86.77
-    Prudential
Insurance Co.
-   28.00
-    62.00
Olath Court
Property Sale
-   -    1,756.25
4,192.91
Macon Street
Property Sale
-   -    -    4,842.53
Rent from
5320 S. Elati
2,135.58
9,130.00
9,105.00
9,940.34
$ 35,933.82
$ 121,104.05
$ 117,309.05
$ 173,807.23
1980
Income Realty
Commissions
$ 21,030.92
Witkin -W-2
Income
-    Merrill Lynch
Dividends After
Exclusion
880.00
Interest
World Savings
and Loan
46.90
Income Realty
-    Columbia Savings
-    Prudential
Insurance Co.
-    Olath Court
Property Sale
2,949.82
Macon Street
Property Sale
6,415.72
Rent from
5320 S. Elati
11,179.80
$ 42,503.16
*382 In 1978, petitioners sold rental property known as Olath Court and realized a $ 7,769.57 gain includable in taxable income. In 1979, petitioners sold a 30-percent interest in property known as Macon Street and realized a $ 14,822.34 gain includable in taxable income. Petitioner was entitled to deductions in the following amounts: 1976
1977
1978
1979
Medical and
Dental
-    -     $     69.50
$    127.42
Taxes
-    $  1,242.52
1,167.34
1,077.46
Sales Tax
-    573.30
751.83
751.83
Interest
-    2,428.36
2,185.34
2,125.57
Contributions
-    811.33
1,903.55
2,080.50
Standard
Deduction
$ 1,400.00
-     -    -    TOTALS
$ 1,400.00
$  5,055.51
$  6,077.56
$  6,162.78
Less Zero
Bracket Amounts
-    1,600.00
1,600.00
1,700.00
Itemized
Deductions
$ 1,400.00
$  3,455.51
$  4,477.56
$  4,462.78
Exemptions
750.00
750.00
750.00
1,000.00
Expenses of
Rental Property
2,469.33
16,121.72
16,682.30
12,079.80
Total Deductions
$ 4,619.33
$ 20,327.23
$ 21,909.86
$ 17,542.58
1980
Medical and
Dental
-    Taxes
$  1,149.12
Sales Tax
353.17
Interest
2,018.47
Contributions
-    Standard
Deduction
-    TOTALS $  3,520.76
Less Zero
Bracket Amounts
1,700.00
Itemized
Deductions
$  1,820.76
Exemptions
1,000.00
Expenses of
Rental Property
9,063.46
Total Deductions
$ 11,884.22 Petitioner's taxable income *383 for the years in issue was as follows: 1976
1977
1978
1979
Income
$ 35,933.82
$ 121,104.05
$ 117,309.05
$ 173,807.23
Capital Gain
-    -
7,769.57
14,822.34
$ 35,933.82
$ 121,104.05
$ 125,078.62
$ 188,629.57
Less
Deductions
4,619.33
20,327.23
21,909.86
17,542.58
TAXABLE
INCOME
$ 31,314.49
$ 100,776.82
$ 103,168.76
$ 171,086.99
1980
Income
$ 42,503.16
Capital Gain
-    $ 42,503.16
Less
Deductions
11,884.22
TAXABLE
INCOME
$ 30,618.94
Petitioner did not file a valid Federal income tax return for any year after 1975. His failure to file returns, including returns for the years in issue, is part of a pattern intended to evade taxes. Petitioner failed to produce records or other information in connection with the examination and investigation of his income tax liabilities for the years in issue. For 1976, petitioners filed a tax protest return (with the word "object" written on practically every line), to which they attached 47 pages of tax protester materials. The Director of the Internal Revenue Service Center responded with a letter explaining that the filing was "not acceptable as a tax return" because it contained no figures or other information from which tax could be calculated. Enclosed with the Director's letter was *384 an information sheet explaining filing requirements and criminal penalties. Petitioners responded with a letter dated June 8, 1977, in which they demonstrated their knowledge of Internal Revenue Service (I.R.S.) filing requirements and procedures and admitted that their failure to file was deliberate. On June 10, 1977, petitioners sent to the I.R.S. documents purporting to be amended returns for 1972, 1973, 1974, and 1975. These documents followed the same format as the document submitted as their 1976 return and reaffirmed that their failure to comply with the law was deliberate. In about February 1978, petitioner informed his employer that he wished to change the Social Security number reflected on his employment records. He filled out a new Form W-4, on which he changed the Social Security number to be used in reporting his earnings. Petitioner indicated that his intent in changing his Social Security number was "to screw up the IRS." Subsequently, petitioner attempted to purchase from his employer the canceled commission checks in order to prevent the I.R.S. from obtaining access to them. On November 5, 1986, petitioner was convicted of failing to file income tax returns for *385 1978 and 1979 in violation of section 7203. ULTIMATE FINDINGS OF FACT Petitioner fraudulently and with intent to evade tax failed to file income tax returns for 1976, 1977, 1978, 1979, and 1980; failed to report taxable income in the respective amounts of $ 31,314.49, $ 100,776.82, $ 103,168.76, $ 171,086.99, and $ 30,618.94 for those years; and failed to report or pay income tax liabilities for those years in the respective amounts of $ 12,519.29, $ 55,963.10, $ 57,841.83, $ 104,977.72, and $ 11,876.74. A part of each underpayment in income tax for each of the years in issue was due to fraud with intent to evade taxes. OPINION Throughout these proceedings, petitioners have maintained only frivolous positions. In their petition filed March 6, 1989, they claimed, among other things, that they were not liable for tax on income earned from sources within the United States; that, because they were citizens and residents of "the Republic of the State of Colorado or the Republic of the State of Oklahoma," they were exempt from income taxes; that their wages were not taxable; and that the I.R.S. had not followed proper procedures. They alleged no facts indicating that respondent's determination *386 was incorrect. Thereafter, petitioners filed a series of frivolous documents, including a "Notice of Exception, Objection, and Denial," filed as their reply, which denied various allegations of the answer but admitted the allegations concerning petitioner's employment, earnings, other income, deductions, and tax liability for the years in issue. Other frivolous documents included petitioners' Request for Admissions -- Specific Facts, filed May 30, 1989; Motion for Summary Judgment, filed July 28, 1989; Motion to Change Place of Trial, Motion and Demand for a Fair Trial Consistent with the Scope of Review Mandated by Congress Pursuant to Title 5 U.S.C.S. Secs. 702 and 706, and Supplemental Memorandum of Law in Support of Petitioners' Motion for a Fair Trial, etc., filed February 8, 1990. By Order dated February 9, 1990, the Court summarized the prior history of this proceeding and advised petitioners of the following: ORDERED: That petitioners' Motion and Demand for a Fair Trial Consistent with the Scope of Review Mandated by Congress Pursuant to Title 5 U.S.C.S. Secs. 702 and 706 is denied because the said sections do not apply to this proceeding and the assertions set forth in said *387 motion are frivolous. It is further ORDERED: That petitioners' Motion to Change Place of Trial is denied as untimely under Rule 140(c), Tax Court Rules of Practice and Procedure, and because the amounts in issue in this case justify prompt disposition of the case and, if necessary, travel by petitioners to the place of trial. It is further ORDERED: That petitioners are hereby advised that, if they continue to maintain frivolous positions in this proceeding, damages may be awarded against them in an amount not in excess of $ 25,000, pursuant to section 6673 of the Internal Revenue Code, as amended by section 7731(a) of the Revenue Reconciliation Act of 1989.
On April 23, 1990, petitioners sent to the Court a document entitled "Withdrawal of Petition; Notice to All Federal Government Employees; and Return of Fee," which was filed as petitioners' Trial Memorandum. Thereafter, petitioners sent to the Court a series of letters that were marked as exhibits and received in evidence at the time the case was called for trial. All of these documents subsequent to our Order dated February 9, 1990, indicated petitioners' persistent and wilful disregard for their obligations and the rules and *388 orders of the Court. In any event, petitioners could not withdraw their petition. See Estate of Ming v. Commissioner, 62 T.C. 519, 524 (1974). When the case was called for trial, petitioners did not appear. Respondent moved for dismissal of the petition as to Karen Kowalik and entry of a decision against her and for dismissal of the petition as to Frank Kowalik, Jr., on all issues as to which petitioners have the burden of proof. As of that time, petitioners had not complied with the Standing Pre-Trial Order served with the Notice Setting Case for Trial and were otherwise in default of the Court's orders and rules. Respondent's motions were taken under advisement pending ruling on the additions to tax for fraud so that a single decision could be entered. Respondent then presented testimony and documentary evidence concerning petitioners' failure to file tax returns, petitioner's earnings during the years in issue, and petitioner's use of a false Social Security number and his attempt to purchase canceled commission checks in order to prevent ascertainment of his tax liability. Respondent, of course, has the burden of proving fraud by clear and convincing evidence. Sec. 7454(a). *389 Such evidence may include matters deemed admitted. See Doncaster v. Commissioner, 77 T.C. 334, 337-338 (1981). In Zell v. Commissioner, 763 F.2d 1139, 1144-1145 (10th Cir. 1985), the Court of Appeals for the Tenth Circuit, to which this case is appealable, held that disclosed defiance of laws requiring the filing of income tax returns does not establish fraud. While acknowledging a split in the circuits, the Court of Appeals stated: a taxpayer is not liable for the civil fraud penalties unless he commits some affirmative act of concealment or misrepresentation. Mere failure to file, whether disclosed or not, does not justify the fraud penalties even when the taxpayer knows taxes are due. [763 F.2d at 1146.]
In Zell, the Court found sufficient affirmative acts of concealment in the taxpayer's filing of false Forms W-4 and continued: In addition, * * * [the taxpayer] in this case did not cooperate with the IRS agents during the investigation. To the extent that this factor has been considered in a number of cases in finding an intent to defraud, it counts against the taxpayer in this case. See, e.g., Powell v. Grancruist, 252 F.2d 56, 61 (9th Cir. 1958); Jones v. Commissioner, 259 F.2d 300, 303 (5th Cir. 1958) *390 (finding that taxpayer's cooperation with IRS agents helped to negate any inference of fraud). The lack of cooperation, combined with the failure to file and the false withholding statements, indicates an intent to deceive the government and to impede the collection of his taxes. [763 F.2d at 1146.]
In this case, respondent presented evidence at trial that clearly and convincingly establishes that petitioner wilfully failed to file tax returns for the years in issue. He was convicted of failure to file returns for 1978 and 1979. He also made false statements and otherwise affirmatively attempted to conceal his income from the I.R.S., and petitioners failed to cooperate in the determination of their correct tax liability. This record amply supports the additions to tax for fraud against petitioner Frank Kowalik, Jr. Respondent has also moved for a penalty against petitioners under section 6673. Certainly petitioner was put on notice during the criminal proceedings leading to his conviction that he was obligated to pay income taxes and to file income tax returns. Petitioners were warned by the Court's Order of February 9, 1990, that they were risking imposition of a penalty in the *391 maximum amount under section 6673. Yet, petitioners persisted in ignoring the facts and law applicable to their case and repudiating their obligations. Their conduct was patently wilful, and their positions were taken in bad faith. While we would be reluctant to impose additional monetary sanctions if a serious challenge of the fraud determination had been raised, we conclude that petitioner's conduct in this case justifies an award under section 6673. See Granado v. Commissioner, 792 F.2d 91, 94 (7th Cir. 1986), affg. a Memorandum Opinion of this Court; Sauers v. Commissioner, 771 F.2d 64, 68-69 (3d Cir. 1985), affg. a Memorandum Opinion of this Court. Considering their respective amounts of unreported income, deficiencies, and additions to tax owing, their blatant disregard of multiple warnings, and the volume of frivolous paper placed in the record by petitioners, we require that petitioner Frank Kowalik, Jr., pay to the United States a penalty in the amount of $ 15,000. Decision will be entered for the respondent and will reflect the respondent's concession with respect to additions to tax under section 6653 as to Karen Kowalik.