T.C. Memo. 2000-252

UNITED STATES TAX COURT

ROBERT CONRAD EANES II, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10966-99.                    Filed August 10, 2000.

Robert Conrad Eanes II, pro se.

<u>Fred E. Green, Jr.</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  Respondent determined the following

deficiencies and additions to tax with respect to petitioner's

Federal income taxes:[1]

_____

[1]All section references are to the Internal Revenue Code in
effect for the years in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.  Monetary amounts are
rounded to the nearest dollar.

| | | Additions to tax[1] | | |
| | | Sec. | Sec. | Sec. |
| Year | Deficiency | 6651(a)(1) | 6651(a)(2) | 6654 |
|---|---|---|---|---|
| 1990 | $3,667 | $917 | | $240 |
| 1991 | 14,457 | 3,614 | | 826 |
| 1992 | 11,122 | 2,781 | | 485 |
| 1993 | 9,639 | 2,410 | | 404 |
| 1994 | 4,237 | 1,059 | | 220 |
| 1995 | 16,721 | 4,180 | | 907 |
| 1996 | 6,529 | 1,469 | $653 | 348 |
| 1997 | 22,273 | 5,011 | 891 | 1,192 |

[1]In his answer, respondent conceded the additions to tax under sec. 6651(a)(2) and claimed increased additions to tax under sec. 6651(a)(1) for 1996 and 1997 of $1,632 and $5,568, respectively.

After concessions,[2] the issues for decision are (1) whether petitioner is liable for self-employment tax for each year at issue except 1996; (2) whether petitioner is liable for additions to tax for failure to file returns for each year at issue pursuant to section 6651(a)(1); and (3) whether petitioner is liable for additions to tax for failure to make estimated tax payments for each year at issue except 1994 and 1996 pursuant to section 6654.

_____

[2]Prior to trial, petitioner and respondent entered into a stipulation of settled issues, wherein petitioner conceded deficiencies, without regard to self-employment tax, of $829 for 1990, $4,222 for 1991, $2,419 for 1992, $1,841 for 1993, $5,204 for 1995, $13 for 1996, and $6,337 for 1997. The parties agree there is no deficiency in income tax due from petitioner for 1994, without regard to self-employment tax, and that petitioner is not liable for self-employment tax for 1996. At trial, petitioner orally conceded that he received self-employment income during the years at issue but asserted that he was not liable for the self-employment tax on that income. Petitioner also conceded all remaining matters in dispute, except for the issues for decision in this opinion.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. We incorporate the stipulation of facts by this reference.

Petitioner Robert Conrad Eanes II resided in Henderson, Nevada, at the time the petition was filed. During the years at issue, petitioner was self-employed and earned Schedule C, Profit or Loss From Business, income in amounts sufficient to require the filing of a Federal income tax return for each year at issue. Petitioner, however, did not file a Federal income tax return or an application for extension of time to file his Federal income tax returns for any of the years at issue.

Using payor information returns (Forms 1099), respondent reconstructed petitioner's self-employment income and determined that petitioner is liable for self-employment taxes as follows:

| Year | Sch. C income | Net earnings from self-employment | Self-employment tax |
|------|------|------|------|
| 1990 | $15,895 | $14,679 | $2,246 |
| 1991 | 46,477 | 42,922 | 6,567 |
| 1992 | 38,749 | 35,785 | 5,475 |
| 1993 | 35,394 | 32,686 | 5,001 |
| 1994 | 18,444 | 17,033 | 2,606 |
| 1995 | 53,671 | 49,565 | 7,583 |
| 1996 | 26,595 | 24,560 | 3,758 |
| 1997 | 68,000 | 62,798 | 9,608 |

Respondent issued a notice of deficiency for 1990 through 1993 on March 19, 1999, and a notice of deficiency for 1994 through 1997 on March 24, 1999.

Prior to trial, respondent prepared and stipulated the following revised computations of petitioner's net earnings from self-employment as well as the income tax deficiencies and additions to tax allegedly owed by petitioner for all years at issue:[3]

| Year | Revised net earnings from self-employment | Revised self-employment tax | Revised deficiencies (incl. SE tax) | Additions to tax (revised) Sec. 6651 | Sec. 6654 |
|------|------|------|------|------|------|
| 1990 | $11,642 | $1,645 | $2,474 | $619 | $163 |
| 1991 | 32,336 | 4,569 | 8,791 | 2,198 | 506 |
| 1992 | 23,705 | 3,349 | 5,768 | 1,442 | 252 |
| 1993 | 19,723 | 2,787 | 4,628 | 1,157 | 194 |
| 1994 | 2,063 | 291 | 291 | 100 | 0 |
| 1995 | 38,530 | 5,444 | 10,648 | 2,662 | 581 |
| 1996 | 0 | 0 | 13 | 13 | 0 |
| 1997 | 43,682 | 6,172 | 12,509 | 3,127 | 674 |

OPINION

Self-Employment Tax

The first Social Security Act, ch. 531, 49 Stat. 620 (1935), was enacted as part of a program to provide retirement benefits to qualifying individuals who no longer were employed. Today, such benefits are funded primarily from taxes paid by employers, employees, and self-employed individuals under the Federal Insurance Contributions Act (FICA), ch. 736, 68A Stat. 415 (1954), and the Self-Employment Contributions Act of 1954 (SECA), ch. 736, 68A Stat. 353. See secs. 3101-3128, 1401-1403.

---

[3]Respondent stipulated that petitioner had Schedule C, Profit or Loss From Business, income of $20,250, Schedule C expenses of $20,050, and no liability for self-employment tax for 1996.

Section 1401 imposes a tax on the self-employment income of every individual for old age, survivors, disability insurance, and hospital insurance. See sec. 1401(a) and (b); Beachy v. Commissioner, T.C. Memo. 2000-125; Greene v. Commissioner, T.C. Memo. 2000-26; sec. 1.1401-1(a), Income Tax Regs. Self-employment income "means the net earnings from self-employment derived by an individual". Sec. 1402(b). Net earnings from self-employment "means the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to such trade or business". Sec. 1402(a); see also sec. 1.1402(a)-1, Income Tax Regs. Self-employment tax is assessed and collected as part of the income tax, must be included in computing any income tax deficiency or overpayment for the applicable tax period, and must be taken into account for estimated tax purposes. See sec. 1.1401-1(a), Income Tax Regs.

Petitioner does not dispute that he received self-employment income as determined by respondent. Petitioner disputes only whether he is required to pay self-employment tax. Petitioner contends that since self-employment tax is merely a "contribution", he may choose whether or not to pay it. According to petitioner, a contribution is a voluntary payment. Petitioner bears the burden of proving that respondent's

determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[4]

Petitioner's argument focuses on the use of the word "contributions" in SECA's title and relies upon what petitioner claims is its plain meaning. Petitioner's argument is misplaced. Webster's Collegiate Dictionary defines "contribution", among other things, as "a payment (as a levy or tax) imposed by military, civil, or ecclesiastical authorities [usually] for a special or extraordinary purpose". Webster's Collegiate Dictionary 252 (10th ed. 1997). The use of the term "contributions" in SECA's title is consistent with the definition cited above. Self-employment tax is a tax imposed by the United States Government for a special purpose; i.e., to fund Social Security and hospital insurance benefits. The taxation regime established by SECA has been upheld as constitutional. See Cain v. United States, 211 F.2d 375 (5th Cir. 1954); Egan v. Commissioner, T.C. Memo. 1980-560, affd. without published opinion (9th Cir. 1982).

Section 1401 imposes a tax on income earned from self-employment in order to fund the payment of Social Security and

---

[4]Although respondent claimed increased additions to tax under sec. 6651(a)(1) in his answer, as to which he bears the burden of proof, see Rule 142(a), the issue is moot since respondent has conceded that petitioner's liability for the sec. 6651(a)(1) addition to tax for 1996 and 1997 is lower than that determined in the notice of deficiency.

hospital insurance benefits to self-employed persons.  The
obligation to pay self-employment tax is mandatory if the
requirements of section 1401 are met as they are in this case.
We hold, therefore, that petitioner is liable for self-employment
tax as modified by respondent.

Additions to Tax Under Section 6651(a)(1)

Section 6651(a)(1) authorizes the imposition of an addition
to tax for failure to file a timely return, unless it is shown
that such failure is due to reasonable cause and not due to
willful neglect.  See sec. 6651(a)(1); United States v. Boyle,
469 U.S. 241, 245 (1985); United States v. Nordbrock, 38 F.3d
440, 444 (9th Cir. 1994); Harris v. Commissioner, T.C. Memo.
1998-332.  A failure to file a timely Federal income tax return
is due to reasonable cause if the taxpayer exercised ordinary
business care and prudence and, nevertheless, was unable to file
the return within the prescribed time.  See sec.
301.6651-1(c)(1), Proced. & Admin. Regs.  Willful neglect means a
conscious, intentional failure to file or reckless indifference
toward filing.  See United States v. Boyle, supra.

Petitioner concedes he did not file Federal income tax
returns or applications for extensions of time to file for 1990
through 1997.  Petitioner contends that he did not file returns
because he did not have money to pay the taxes he owed at the
time the returns were due, and it was his understanding that the

returns and the taxes owed had to be submitted simultaneously. Petitioner states that he "never had any willful intent not to file" and that he "knew that * * * [he] was going to have to file".

A taxpayer's inability to pay Federal income taxes does not constitute reasonable cause for failure to file a timely return. See Stokes v. Commissioner, T.C. Memo. 1989-661 (citing Fitch v. Commissioner, T.C. Memo. 1975-36); see also Jones v. Commissioner, 25 T.C. 1100, 1106 (1956), revd. on another issue 259 F.2d 300 (5th Cir. 1958); Sanders v. Commissioner, 21 T.C. 1012, 1019-1020 (1954). Since petitioner introduced no evidence of any legitimate reason for his failure to file timely returns, we hold that he did not have reasonable cause for his failure to file as required by section 6651(a)(1) and that, therefore, petitioner is liable for the additions to tax as revised by respondent.

## Section 6654 Addition to Tax

Section 6654(a) imposes an addition to tax in the case of any underpayment of estimated tax by an individual. Sec. 6654(a). Unless a statutory exception applies, the addition to tax under section 6654(a) is mandatory. See sec. 6654(a), (e); Recklitis v. Commissioner, 91 T.C. 874, 913 (1988); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980); see also Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960) ("This section

has no provision relating to reasonable cause and lack of willful neglect. It is mandatory and extenuating circumstances are irrelevant.") None of the statutory exceptions under section 6654(e) applies in this case.

Respondent determined that petitioner is liable for an addition to tax under section 6654 for each tax year at issue. He subsequently conceded, however, that petitioner is not liable for the addition to tax under section 6654 for 1994 and 1996. Petitioner conceded at trial that he did not make any payments of estimated tax. Since petitioner was required to make estimated tax payments for all of the years at issue except 1994 and 1996 and he failed to do so, respondent's determination as modified is sustained.

To reflect the foregoing and the concessions of the parties,

Decision will be entered under Rule 155.