T.C. Memo. 2005-155


UNITED STATES TAX COURT


WILBUR T. HAWKS, SR., AND BETTY W. HAWKS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12080-04.                    Filed June 27, 2005.


Wilber T. Hawks, Sr. and Betty W. Hawks, pro se.

Ric D. Hulshoff, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, Judge:  Respondent determined deficiencies in petitioners' Federal income tax of $14,829 for 2000 and $40,761 for 2001, and that petitioners are liable for an accuracy-related

penalty under section 6662(a)[1] of $2,965.80 for 2000 and $8,152.20 for 2001.

The issues for decision are:

1.  Whether petitioners are entitled to more itemized deductions than respondent allowed.  We hold that they are not.

2.  Whether petitioners may claim net operating losses (NOLs) of $183,455 for 2000 and $110,367 for 2001.  We hold that they may not.

3.  Whether petitioners may deduct partnership losses of $32,065 claimed on Schedule E, Supplemental Income and Loss, for 2001.  We hold that they may not.

4.  Whether petitioners are liable for the accuracy-related penalty under section 6662(a) for 2000 and 2001.  We hold that they are.

5.  Whether petitioners are liable for a penalty under section 6673 for instituting proceedings primarily for delay and for maintaining frivolous or groundless positions.  We hold that they are not.

Computational adjustments will be required to resolve the taxable amounts of petitioners' Social Security benefits in 2000, the amounts of petitioners' standard deductions for 2000 and 2001, and the amounts of petitioners' exemptions for 2001.

---

[1] Section references are to the Internal Revenue Code in effect for the taxable years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Petitioners lived in Richmond, Virginia, when they filed their petition in this case.

From 1998 through at least 2001, petitioners were involved in transactions with Anderson Ark & Associates,[2] pursuant to which they purported to create a TEFRA partnership and purportedly incurred a liability so as to create basis and cause large losses to be shown on their income tax returns for several years. Petitioners offset their income with net operating losses of $183,455 for 2000 and $110,367 for 2001 from the purported partnership. They also claimed a loss of $32,065 on the Schedule E attached to their 2001 Federal income tax return. Petitioners claimed itemized deductions of $31,893 for 2000 and $21,875 for 2001, including medical and dental expenses, real estate taxes, other taxes, home mortgage interest, cash contributions, noncash contributions, and miscellaneous expenses.

Respondent audited petitioners' returns for 2000 and 2001 and determined deficiencies and additions to tax. Respondent also determined that petitioners overreported capital gain income by $9,894 for 2001.

Petitioners provided no documents or other evidence to support their claimed deductions or to show that respondent's

---

[2] An organization named Anderson Ark & Associates was engaged in facilitating income tax evasion and bankruptcy fraud. See United States v. Anderson, 391 F.3d 970, 972 (9th Cir. 2004).

determinations were incorrect.  Instead, petitioners have responded, and continue to respond, to respondent's attempts to verify their deductions by making numerous frivolous arguments.

Petitioners timely filed a petition with this Court in which they made numerous frivolous arguments, such as:  (1) Income is limited to foreign earned income, war profits, and windfall profits, (2) income tax laws are in effect only in Guam, (3) income tax returns and payments are gifts to the United States, (4) Form 1040, U.S. Individual Income Tax Return, and Form 1040A, U.S. Individual Income Tax Return, are to be filed only by self-employed residents of the Virgin Islands, Puerto Rico, Guam, or American Samoa, (5) estimated tax and interest are matters within the exclusive jurisdiction of the Bureau of Alcohol, Tobacco, and Firearms, (6) no statute requires anyone to file a tax return, (7) there is no organization in the Department of the Treasury known as the Internal Revenue Service (IRS), (8) the IRS is not an agency of the United States, (9) the IRS is an unlawful organization, (10) title 26 of the United States Code is not positive law, and (11) the Tax Court lacks jurisdiction because petitioners have not received income subject to income tax.

Petitioners did not stipulate facts as required by Rule 91(a).  This Court granted respondent's motion under Rule 91(f) to show cause why proposed facts should not be accepted as established and made that order absolute after petitioners failed

to file a response as ordered. Thus, matters in respondent's proposed stipulation of facts are deemed admitted.

Petitioners did not identify or exchange any documents, identify witnesses, or file a pretrial memorandum as required by the standing pretrial order. They did not appear at the calendar call of this case. Respondent filed motions to dismiss for failure to properly prosecute and to impose a penalty under section 6673. Petitioners filed a statement with the Court in lieu of appearing at trial. In it, petitioners stated that they would be unable to attend trial on May 23, 2005. Petitioners also made numerous frivolous arguments that this Court has previously rejected, such as that their income was not taxable because it was not from a taxable source, and that they are not liable for tax because a Form 23C, Assessment Certificate-- Summary Record of Assessments, does not exist.

OPINION

A. Burden of Proof

The burden of proof for a factual issue may shift to the Commissioner under certain circumstances. Sec. 7491(a). Petitioners do not contend that section 7491(a) applies in this case. They did not substantiate their deductions, keep records of their income and expenses, or cooperate with respondent's agents. Thus, the burden of proof does not shift to respondent.

Respondent's determinations are presumed correct, and petitioners bear the burden of proof. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

B.  Whether Petitioners Are Entitled to More Itemized Deductions Than Respondent Allowed for 2000 and 2001

A taxpayer must keep records that are sufficient to enable the Commissioner to determine his or her tax liability. See sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. A taxpayer must substantiate the payments which give rise to claimed deductions. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); see sec. 6001. Petitioners have the burden of establishing that they are entitled to the deductions claimed. See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Petitioners were given numerous opportunities to submit documentation to substantiate their deductions, but they did not do so. We have long held that where the taxpayer does not substantiate claimed deductions, the Commissioner's disallowance of them will be sustained. Roberts v. Commissioner, 62 T.C. 834, 836-837 (1974); Pfluger v. Commissioner, T.C. Memo. 1986-78, affd. 840 F.2d 1379 (7th Cir. 1988). The record in this case provides no basis for estimating deductions under Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930). See Lerch v. Commissioner, 877 F.2d 624, 628-629 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Lutheran Mut. Life Ins. Co. v. United States, 816

F.2d 376, 379 (8th Cir. 1987); Bay Sound Transp. Co. v. United States, 410 F.2d 505, 511 (5th Cir. 1969).

Petitioners contend that they paid $26,435 in 2000 and $29,354 in 2001 for medical and dental expenses, $3,073 in 2000 and $3,225 in 2001 for real estate taxes, $833 in 2000 and $419 in 2001 for other taxes, $99 in 2000 for home mortgage interest, $3,515 in 2001 for cash contributions, and $1,453 in 2000 for miscellaneous expenses, and made noncash contributions worth $500 in 2000 and $100 in 2001.  Petitioners offered no evidence.

We conclude that petitioners are not entitled to more itemized deductions than respondent allowed for 2000 and 2001.

C.   Whether Petitioners May Deduct Net Operating Loss Carryforwards and Carrybacks

Petitioners contend that they may deduct NOL carryforwards and carrybacks.  We disagree.

To carry forward or carry back NOLs, petitioners must prove the amount of the NOL carryforward or carryback.  See Jones v. Commissioner, 25 T.C. 1100, 1104 (1956), revd. and remanded on other grounds 259 F.2d 300 (5th Cir. 1958).  Tax returns alone do not establish that a taxpayer is entitled to NOL carryforwards or carrybacks.  Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Roberts v. Commissioner, supra at 837, 839.  Petitioners offered no evidence about their NOL carryforwards or carrybacks.  We conclude that petitioners are not entitled to NOL carryforward or carryback deductions in the years in issue.

D.  Whether Petitioners May Deduct Partnership Losses of $32,065 for 2001

Petitioners contend that they may deduct partnership losses of $32,065 for 2001.  We disagree.  There is no evidence to support petitioners' partnership loss deduction for 2001.

E.  Whether Petitioners Are Liable for the Accuracy-Related Penalty

Section 7491(c) places on the Commissioner the burden of producing evidence that it is appropriate to impose additions to tax.  To meet this burden, the Commissioner must produce evidence showing that it is appropriate to impose the particular addition to tax but need not produce evidence relating to defenses such as reasonable cause or substantial authority.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001); H. Conf. Rept. 105-599, at 241 (1998), 1998-3 C.B. 747, 995.

Petitioners failed to keep records and substantiate their deductions.  Petitioners offered no evidence to show that they are entitled to NOLs or partnership losses or other claimed deductions.  Thus, respondent has met the burden of production, and petitioners are liable for the accuracy-related penalty for 2000 and 2001.

F.  Penalty for Frivolous Positions or Instituting Proceedings Primarily for Delay Under Section 6673

Respondent moved at trial to impose a penalty under section 6673.  The Court may impose a penalty of up to $25,000 if the position or positions asserted by the taxpayer in the case are

frivolous or groundless or the proceedings were instituted primarily for delay. Sec. 6673(a)(1)(B). A position maintained by the taxpayer is frivolous if it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986); <u>Gilligan v. Commissioner</u>, T.C. Memo. 2004-194.

Petitioners made numerous frivolous arguments during the administrative proceedings, in these proceedings, and in the petition. In lieu of appearing at trial, petitioners submitted a statement in which they made more frivolous arguments.

We will deny respondent's motion to impose a penalty under section 6673. However, we warn petitioners that the Court may impose this penalty in the future if petitioners make frivolous arguments or institute proceedings primarily for delay.

To reflect the foregoing and concessions by respondent and because of computational adjustments,

<u>An appropriate order will be issued, and decision will be entered under Rule 155</u>.