T.C. Memo. 2010-38

UNITED STATES TAX COURT

JOHN MICHAEL DAVIDSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27021-08.                Filed February 24, 2010.

John Michael Davidson, pro se.

Shannon E. Loechel, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  After concessions, the issues for decision
are whether petitioner is entitled to a net operating loss
carryover relating to 2003 and whether petitioner is liable for a
section 6651(a)(1)[1] addition to tax.

_____

[1]Unless otherwise indicated, all section references are to
                                              (continued...)

## FINDINGS OF FACT

Most of the facts have been stipulated and are so found. Petitioner timely filed 1999 and 2000 Federal income tax returns, reporting adjusted gross income of $97,291 and $109,123, respectively. On September 25, 2006, petitioner and his wife untimely filed a joint Federal income tax return relating to 2003 and claimed a $64,973 net operating loss (NOL) carryover relating to losses sustained in 2001 and 2002. On January 2, 2007, petitioner and his wife untimely filed joint Federal income tax returns relating to 2001 and 2002. On the 2001 and 2002 returns petitioner and his wife reported NOLs of $26,628 and $38,345, respectively, and attempted to waive the carryback period relating to each loss.

On August 7, 2008, respondent issued petitioner and petitioner's wife a notice of deficiency relating to 2003. In the notice of deficiency, respondent determined that petitioner and petitioner's wife were not entitled to the $64,973 NOL carryover claimed on their 2003 return. Respondent further determined a $6,654 deficiency and a $1,664 section 6651(a)(1) addition to tax for failure to file a timely return. On November

----

[1](...continued)
the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

6, 2008, petitioner, while residing in Georgia, filed his petition with the Court.

## OPINION

We must determine whether petitioner is entitled to an NOL carryover relating to 2003. Petitioner contends that his 2003 income is offset by NOLs sustained in, and carried over from, 2001 and 2002. Petitioner bears the burden of proof with respect to whether he is entitled to an NOL carryover relating to 2003.[2] See Rule 142(a). Generally, before an NOL may be carried forward, it must be carried back (carryback rule). See sec. 172(b); sec. 1.172-4(b)(1) and (2), Income Tax Regs. On a timely filed return, a taxpayer may elect to waive application of the carryback rule. See sec. 172(b)(3), (j); see also sec. 301.9100-12T(d), Temporary Proced. & Admin. Regs., 57 Fed. Reg. 43893, 43896 (Sept. 23, 1992) (redesignating sec. 7.0, Temporary Income Tax Regs., 42 Fed. Reg. 1470 (Jan. 7, 1977)). Petitioner filed his 2001 and 2002 returns on January 2, 2007--several years after their respective due dates. Thus, petitioner failed to timely waive the applicable carryback rules relating to his 2001 and 2002 NOLs. Petitioner must therefore establish that these losses were not absorbed by his gross income in prior years. See sec. 172(b)(1)(A), (H); Jones v. Commissioner, 25 T.C. 1100, 1104

---

[2]Sec. 7491(a) is inapplicable because petitioner failed to introduce credible evidence within the meaning of sec. 7491(a)(1).

(1956), revd. in part and remanded on other grounds 259 F.2d 300 (5th Cir. 1958); sec. 1.172-4(b)(1) and (2), Income Tax Regs. Petitioner had sufficient income in those years to absorb the NOLs. See sec. 172(b)(1)(H); sec. 1.172-4(b)(1) and (2), Income Tax Regs. Accordingly, we sustain respondent's determination with respect to petitioner's NOL carryover.

We must also determine whether petitioner is liable for a section 6651(a)(1) addition to tax for failure to file a timely return. Petitioner filed his 2003 return (i.e., which was due April 15, 2004) on September 25, 2006, and has failed to establish, pursuant to section 6651(a)(1), that the untimely filing was due to reasonable cause and not willful neglect. Accordingly, petitioner is liable for the section 6651(a)(1) addition to tax.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered under Rule 155.