T.C. Memo. 2009-279


UNITED STATES TAX COURT


THOMAS H. CARVER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3663-07.                    Filed December 1, 2009.


     R determined deficiencies and additions to tax pursuant
to sec. 6651(a)(1) and (2), I.R.C.

     <u>Held</u>: P is liable for the deficiencies and the
additions to tax.


Thomas H. Carver, pro se.

<u>Michael K. Park</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, <u>Judge</u>:  This case is before the Court on a petition
for redetermination of alleged income tax deficiencies and
additions to tax that respondent determined for petitioner's 2001
and 2003 tax years.  After concessions by petitioner,[1] the issues
for decision are:

(1) Whether petitioner is entitled to business expense
deductions for 2001 and 2003;

(2) whether petitioner is entitled to net operating loss
(NOL) carryforward or carryback deductions for 2001 and 2003;

(3) whether petitioner is liable for additions to tax under
section 6651(a)(1)[2] for 2001 and 2003; and

(4) whether petitioner is liable for additions to tax under
section 6651(a)(2) for 2001 and 2003.

FINDINGS OF FACT

Petitioner is an elderly individual who needed a caregiver's
assistance and a wheelchair to pursue this Court case.  He
resided in California when he filed his Tax Court petition.  He

---

[1]Petitioner conceded that he received $15,188 and $15,841 of
income in 2001 and 2003, respectively.  Those amounts included
income from the sale of stocks and bonds, dividend income,
interest income, and pension/retirement distributions.

[2]All section references are to the Internal Revenue Code of
1986, as amended and in effect for the tax years at issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

did not file Federal income tax returns for his 2001 and 2003 tax years. Accordingly, respondent prepared section 6020(b) substitutes for individual Federal income tax returns for those years on July 31, 2006, and issued notices of deficiency on November 6, 2006, for both years. Petitioner filed a timely petition with this Court on February 13, 2007, and an amended petition on April 13, 2007. A trial was held on October 24, 2008, in Los Angeles, California. Respondent filed a brief on January 8, 2009. Petitioner, who was a licensed attorney in California from 1947 until he was disbarred in 1993,[3] was given the opportunity to file a brief but, as of the date of this opinion, has not done so.

OPINION

I. <u>Whether Petitioner Is Entitled to Business Expense Deductions</u>

Deductions are a matter of legislative grace, and the taxpayer must maintain adequate records to substantiate the amounts of any deductions or credits claimed. Sec. 6001; <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. Generally, the Court may allow the deduction of a claimed expense even where the taxpayer is unable to fully substantiate it, provided the Court has an evidentiary basis for doing so. <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544

---

[3]The Court will take judicial notice of the public records of the California Supreme Court and the State Bar of California.

(2d Cir. 1930); <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985).  But see sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  In these instances, the Court is permitted to approximate the allowable expense, bearing heavily against the taxpayer whose inexactitude is of his or her own making.  <u>Cohan v. Commissioner</u>, <u>supra</u> at 544.

Section 162(a) authorizes a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  A trade or business expense is ordinary for purposes of section 162 if it is normal or customary within a particular trade, business, or industry and is necessary if it is appropriate and helpful for the development of the business.  <u>Commissioner v. Heininger</u>, 320 U.S. 467, 471 (1943); <u>Deputy v. du Pont</u>, 308 U.S. 488, 495 (1940).  In contrast, "personal, living, or family expenses" are generally nondeductible.  Sec. 262(a).

Certain business expenses described in section 274(d) are subject to strict substantiation rules that supersede the <u>Cohan</u> doctrine.  <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., <u>supra</u>.  Section 274(d) applies to: (1) Any traveling expense, including meals and lodging away from home; (2) entertainment, amusement, or recreational expenses; (3) any expense for gifts; or (4) the use of "listed property", as

defined in section 280F(d)(4), including passenger automobiles. To deduct expenses to which section 274(d) applies, the taxpayer must substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own testimony: (1) The amount of the expenditure or use, which includes mileage in the case of automobiles; (2) the time and place of the travel, entertainment, or use; (3) its business purpose; and (4) the business relationship to the taxpayer of the persons entertained or each expenditure or use. Sec. 274(d) (flush language).

Petitioner did not file a return for 2001 or 2003, and respondent's section 6020(b) returns make no mention of any business income, expenses, or losses. Petitioner now claims, however, that he sustained business losses during 2001 and 2003. At trial he introduced a vast, unorganized collection of checks (front side only), statements, and receipts to substantiate unspecified amounts of business expenses for those years. A number of these were for tax years not at issue, particularly 2002.

Respondent does not dispute that petitioner operated several businesses, including a legal practice[4] and an investment company in 2001 and 2003 and a business called Color Coordinators in 2001. Respondent does not even appear to dispute that petitioner has deductible business expenses. Instead, respondent argues

---

[4]Given petitioner's disbarment in 1993, that legal practice must have been as a scrivener and not as an attorney.

that petitioner failed to prove the amounts of his business's gross receipts, thereby making it impossible--"regardless of the fact that petitioner has deductible business expenses"--to establish that petitioner had business losses that he could use to offset his income from other sources.

Respondent's argument is flawed. Section 162 allows a deduction for ordinary and necessary business expenses regardless of whether the business in question has income or losses. See sec. 1.162-1(a), Income Tax Regs. ("The full amount of the allowable deduction for ordinary and necessary expenses in carrying on a business is deductible, even though such expenses exceed the gross income derived during the taxable year from such business."). Simply said, petitioner is entitled to deduct any substantiated ordinary and necessary business expenses paid during the tax years at issue with respect to a going business engaged in for profit and not disallowed by section 162(c) or required to be capitalized. Sec. 162. Whether his businesses had income or losses is irrelevant.[5]

---

[5]A taxpayer's history of income or loss related to an activity is, of course, not always irrelevant. Such history, for example, is an important consideration in determining whether the activity is engaged in for profit and thus whether it constitutes a trade or business within the meaning of sec. 162. See Helmick v. Commissioner, T.C. Memo. 2009-220; sec. 1.183-2(b)(6), Income Tax Regs. Respondent, however, has not argued that petitioner's businesses were not yet started or were not engaged in for profit. In fact, respondent cites petitioner's testimony that Color Coordinators earned a profit in 2001. Paradoxically, we note that respondent--even after petitioner revealed the
(continued...)

We turn therefore to whether petitioner has substantiated any business expenses for 2001 and 2003.  Petitioner has submitted evidence pertaining to a wide variety of expenses.  It is not clear from the evidence or petitioner's testimony what the expenses are for and/or how they relate to petitioner's businesses.  What is clear, however, is that most of the expenses appear to be personal and thus nondeductible under section 162.

For example, petitioner is not permitted to deduct his traffic tickets, dentist's fees, or mint proof coin purchase.  In addition, he cannot deduct rent payments for the apartment he lived in because, among other things, petitioner also maintained and worked at an external office.  See sec. 280A(a), (c).  Further, many of petitioner's expenses, such as vehicle expenses or expenses for meals and club dues, are either nondeductible under section 274(a) or are subject to the strict substantiation requirements of section 274(d), which petitioner has not satisfied.

Other receipts or checks relate to airplane travel, public storage, Pacific Bell, FAA & CC luncheon buffet and dues, American Judicature Society annual dues, postage, Air Force

---

[5](...continued)
existence of his businesses and admitted that he earned a profit with respect to one of them--has not alleged that there was any unreported income or asserted an increased deficiency with respect to any income related to Color Coordinators in 2001 or related to petitioner's other businesses in 2001 or 2003.

Association membership dues, utility payments, American Foreign Service Association dues, etc.  However, the relationship to petitioner's businesses has not been explained.  Petitioner has therefore not met his burden of substantiation.

Petitioner did introduce evidence in the form of checks and bank statements reflecting that he paid a total of $3,396 in rent for office space in July, August, September, and December 2001.[6] The evidence also shows that he paid a total of $375 for parking space at the office in June, July, August, September, and December 2001.[7]  Respondent does not dispute that petitioner operated several businesses in 2001 or that he maintained an

---

[6]Petitioner also introduced--without any explicit testimony or explanation--a statement from his landlord that appears to indicate that petitioner prepaid $744 of rent for the office space on June 23, 2000.  The payment was applied to petitioner's rent payment for June 1, 2001.  Prepaid rent applicable to future tax years is generally deducted either ratably over the period of the lease (or the rental period to which it applies) or, if certain requirements are met, in the year it was paid.  Howe v. Commissioner, T.C. Memo. 2000-291.  Petitioner has not made any argument as to why this prepaid rent expense should be deductible in 2001, and the evidence introduced at trial does little to clarify the matter.  We have no information about the period of the lease (or the period to which the prepayment applies).  We are left to speculate whether the prepayment was a security deposit being applied to petitioner's June 1, 2001, rent payment. And we must even question whether petitioner already deducted the prepayment in 2000, assuming he even filed a return for that year.  Because of these gaps in the record, petitioner has ultimately failed to properly substantiate the deductibility in 2001 of this prepaid rent expense.

[7]It seems probable that petitioner also rented his office in June and November 2001 and may have rented it for the entire 2001 tax year, but if so, he has not met his burden of proof as to the additional rent payments or their amounts.

office where he conducted business activities.  Consequently,
petitioner's expenses for office space and parking are ordinary
and necessary business expenses, and petitioner has substantiated
those expenses.[8]  See sec. 162(a)(3); Davis v. Commissioner, T.C.
Memo. 2006-272; Whitaker v. Commissioner, T.C. Memo. 1988-418.
We will therefore allow petitioner to deduct $3,771 in office
rent and parking expenses for 2001.

With respect to petitioner's remaining expenses, we conclude
that he has failed to explain how they relate to his businesses
and further that petitioner's own self-serving testimony is
insufficient to establish the required relationship under the
facts of this case.

## II.  NOL Carryforward and Carryback Deductions

Petitioner testified that "from approximately 1993 to 2008,
my net operating losses from business operations exceeded my
gross receipts."  To the extent he is claiming that he can deduct
NOL carryforwards and carrybacks for 2001 and 2003, we disagree.
To carry forward or carry back NOLs, a taxpayer must prove the
amount of the NOL carryforward or carryback.  Hawks v.
Commissioner, T.C. Memo. 2005-155; see Jones v. Commissioner, 25
T.C. 1100, 1104 (1956), revd. and remanded on other grounds 259

---

[8]Although parking expenses may be personal commuting
expenses, respondent, in footnote 3 of his brief, concedes that
petitioner made payments for rent and parking that "satisfy [sec.
162] as office rental expenses for petitioner's investment
company".

F.2d 300 (5th Cir. 1958).  Petitioner did not introduce any evidence regarding his NOL carryforwards or carrybacks. Accordingly, petitioner is not entitled to NOL carryforward or carryback deductions for his 2001 and 2003 tax years.

III.  Additions to Tax

Respondent determined that petitioner is liable for additions to tax under section 6651(a)(1) and (2).  Pursuant to section 7491(c), respondent has the burden of production with respect to these additions to tax and is therefore required to "come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty."  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  However, "once the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to persuade a Court that the Commissioner's determination is incorrect."  Id. at 447.

A.  Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless the taxpayer proves that such failure is due to reasonable cause and not willful neglect.  See United States v. Boyle, 469 U.S. 241, 245 (1985).  Petitioner concedes that he did not file Federal income tax returns for his 2001 and 2003 tax years.  He has not argued, or introduced any evidence suggesting, that his failures to file were due to reasonable cause and not willful neglect.  Accordingly, we sustain

respondent's imposition of the additions to tax under section 6651(a)(1).

   B.  Section 6651(a)(2) Addition to Tax

   Section 6651(a)(2) imposes an addition to tax for failure to timely pay the amount of tax shown on a return.

> The Commissioner's burden of production with respect to the section 6651(a)(2) addition to tax requires that the Commissioner introduce evidence that a return showing the taxpayer's tax liability was filed for the year in question.  In a case such as this where the taxpayer did not file a return, the Commissioner must introduce evidence that an SFR [substitute for return] satisfying the requirements of section 6020(b) was made.  See Cabirac v. Commissioner, * * * [120 T.C. 163 (2003)].  * * *

Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).  The section 6651(a)(2) addition to tax is not imposed if the taxpayer proves that the failure to pay is due to reasonable cause and not willful neglect.

   Under section 6651(g)(2), a return prepared by the Secretary pursuant to section 6020(b) is treated as a return filed by the taxpayer for the purpose of determining the amount of an addition to tax under section 6651(a)(2).  To constitute a section 6020(b) return, "the return must be subscribed, it must contain sufficient information from which to compute the taxpayer's tax liability, and the return form and any attachments must purport to be a 'return'."  Spurlock v. Commissioner, T.C. Memo. 2003-124.

Petitioner concedes that respondent prepared section 6020(b) returns for his 2001 and 2003 tax years. Those returns were entered into evidence as joint exhibits. Because petitioner did not fully pay the tax liabilities as shown on the section 6020(b) returns, respondent has met the burden of production with respect to the section 6651(a)(2) additions to tax. Further, petitioner has not argued, or introduced any evidence suggesting, that his failures to pay are due to reasonable cause and not willful neglect. We therefore sustain respondent's imposition of the addition to tax under section 6651(a)(2).

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.