T.C. Memo. 2017-8

UNITED STATES TAX COURT

LOIS BRODMERKLE AND
ROBERT HOWARD BRODMERKLE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 108-13.                          Filed January 9, 2017.

Lois Brodmerkle and Robert Howard Brodmerkle, pro sese.

Amy B. Ulmer, Janice B. Geier, and Nhi T. Luu, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, Judge: Respondent issued a notice of deficiency to petitioners determining deficiencies in income tax, additions to tax, and accuracy-related penalties as follows:[1]

---

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

[*2]

| Year | Deficiency[1] | Addition to tax sec. 6651(a)(1) | Penalty sec. 6662(a) |
|---|---|---|---|
| 2007 | $32,940 | $8,235 | $6,588 |
| 2008 | 49,541 | 12,385 | 9,908 |
| 2009 | 33,138 | --- | 6,628 |
| 2010 | 37,282 | --- | 7,456 |

[1]The amounts referred to herein reflect the updated calculations by respondent. Respondent reduced the amount of the deficiency from that reflected on the notice of deficiency for tax years 2007 and 2008 for two reasons: First respondent found errors with respect to the Internal Revenue Service's bank deposit analysis and therefore reduced the amount of unreported Schedule C gross receipts for 2008. Second, petitioners provided respondent with documentation with respect to their claimed deductions for 2007 and 2008. The updated deficiencies for 2007 and 2008 also reduce the associated additions to tax and penalties for those years.

The issues for decision are whether respondent made proper adjustments to petitioners': (1) deductions claimed on Schedule A, Itemized Deductions, for tax years 2007-10, (2) deductions claimed on Schedule C, Profit or Loss From Business, for tax years 2007-10, (3) Schedule C gross receipts for tax year 2008, (4) other income reported on Form 1040, U.S. Individual Income Tax Return, for

---

[1](...continued)
Revenue Code (Code) in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded to the nearest dollar.

**[*3]** tax year 2010, (5) claimed net operating loss (NOL) carryovers for tax years 2007-10, and (6) unclaimed deductions for self-employment health insurance for tax years 2008 and 2009.[2]

Additionally, we must determine whether petitioners are liable for additions to tax under section 6651(a)(1) for tax years 2007 and 2008 and accuracy-related penalties under section 6662(a) for tax years 2007-10.  We find for respondent in regard to each of the above issues.

FINDINGS OF FACT

Some of the facts are stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioners resided in Oregon when the petition was filed.

During the taxable years at issue Robert Brodmerkle was the owner of R H Brodmerkle Enterprises, which he operated as a sole proprietorship.  Petitioners, filing jointly for the tax years at issue, reported tax items for R H Brodmerkle Enterprises on Schedules C, attached to their Forms 1040.  Petitioners did not timely file their Federal income tax returns for 2007 and 2008 but did timely file their returns for 2009 and 2010.

---

[2]Petitioners have not challenged respondent's determination allowing a deduction for self-employment health insurance for tax years 2008 and 2009.

[*4]   On October 4, 2012, respondent sent petitioners a notice of deficiency for tax years 2007-10 and made the following adjustments to their Federal income tax returns for those years.  First, respondent determined petitioners failed to report $24,637 of adjusted gross income for taxable year 2008, by using the bank deposits method, and $5,005 of cancellation of indebtedness income from FIA Card Services, N.A., for taxable year 2010.  Next, respondent disallowed petitioners' claimed Schedule A deductions and Schedule C expense deductions for the tax years at issue in the following amounts:

| Year | Disallowed Schedule A itemized deductions | Disallowed Schedule C expense deductions |
|------|-------------------------------------------|------------------------------------------|
| 2007 | $37,098 | $176,419 |
| 2008 | 25,658 | 199,371 |
| 2009 | 32,903 | 133,606 |
| 2010 | 50,771 | 148,094 |

The allowed itemized deductions totaled less than the standard deduction for each of tax years 2009 and 2010; and thus in lieu of the claimed Schedule A itemized deductions, respondent allowed petitioners the standard deduction for each of those tax years.  Additionally, the notice of deficiency disallowed petitioners' claimed NOL carryover deductions for tax years 2007-10.  Respondent also determined that petitioners were entitled to previously unclaimed self-employed

[*5] health insurance deductions of $4,044 and $3,354 for tax years 2008 and 2009, respectively, as well as deductions for self-employment adjusted gross income for tax years 2007-10 of $7,725, $9,032, $8,360, and $8,306, respectively. Lastly as a result of the aforementioned adjustments, the notice of deficiency determined deficiencies in both petitioners' Federal income tax and self-employment tax. Petitioners timely filed a petition for redetermination of the deficiencies.

On March 9, 2015, respondent served on petitioners a request for admissions. Petitioners did not respond to the request for admissions. As a result, all matters as to which respondent requested admissions--including $24,637 of unreported income calculated by using the bank deposits method, and $5,005 of cancellation of indebtedness income--are deemed admitted under Rule 90(c) and are conclusively established pursuant to Rule 90(f). See Marshall v. Commissioner, 85 T.C. 267, 272 (1985); Freedson v. Commissioner, 65 T.C. 333 (1975), aff'd, 565 F.2d 954 (5th Cir. 1978).

OPINION

I.    Burden of Proof

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer ordinarily bears the burden of proving those

**[\*6]** determinations erroneous. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). For cases appealable to the Court of Appeals for the Ninth Circuit, such as the current case, the Commissioner may not rely on the presumption of correctness with regard to a deficiency determination unless that determination is supported by a proper foundation of substantive evidence. <u>Weimerskirch v. Commissioner</u>, 596 F.2d 358, 361-362 (9th Cir. 1979) (indicating the proper foundation of substantive evidence is a "minimal evidentiary foundation"), <u>rev'g</u> 67 T.C. 672 (1977); <u>see</u> <u>Golsen v. Commissioner</u>, 54 T.C. 742, 757 (1970), <u>aff'd</u>, 445 F.2d 985 (10th Cir. 1971).

Deductions are a matter of legislative grace. <u>Deputy v. Du Pont</u>, 308 U.S. 488, 493 (1940). Taxpayers must comply with specific requirements for any deductions claimed. <u>See</u> <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Commissioner</u>, 292 U.S. 435, 440 (1934). If, however, the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining his Federal income tax liability, the burden of proof shifts from the taxpayer to the Commissioner as to that factual issue. Sec. 7491(a)(1). The shifting of the burden of proof, however, is conditioned upon the taxpayer's first demonstrating that he meets the requirements of section 7491(a)(2), including: (1) substantiating any item as required by the Code, (2) maintaining all

**[\*7]** records required by the Code, and (3) cooperating with the Commissioner's reasonable requests for witnesses, information, documents, meetings, and interviews.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  Petitioners do not contend, and the evidence does not establish, that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact.

The Commissioner bears the burden of production with respect to any additions to tax under section 6651 and accuracy-related penalties under section 6662.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the burden of production is met, a taxpayer bears the burden of proof, including the burden of proving reasonable cause for late filing or underpayment of Federal income tax.  See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.

II.    Petitioners' Tax Liabilities

Section 162(a) allows a taxpayer to deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".

Section 172(a) allows a taxpayer to deduct an amount equal to the aggregate of NOL carryovers plus NOL carrybacks to the taxable year.  A taxpayer bears the burden of establishing the existence and proper amount of the NOL claimed to be

[*8] carried to the taxable year and can satisfy that burden by filing with his return for such year a concise statement which sets forth the amount of the NOL deduction claimed and all material and pertinent facts relative thereto, including a showing of the NOL deduction computation. Hoopengarner v. Commissioner, T.C. Memo. 2003-343 (citing United States v. Olympic Radio & Television, Inc., 349 U.S. 232, 235 (1955), Keith v. Commissioner, 115 T.C. 605, 621 (2000), and Jones v. Commissioner, 25 T.C. 1100, 1104 (1956), rev'd and remanded on other grounds, 259 F.2d 300 (5th Cir. 1958)); sec. 1.172-1(c), Income Tax Regs.

Taxpayers are required to maintain records sufficient to establish the amounts of income, deductions, credits, and other items reported on their Federal tax returns. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

In respondent's request for admissions, respondent indicated that petitioners had $24,637 of unreported income for 2008 as determined by the bank deposits method. Petitioners failed to respond to the request for admissions, and thus it is deemed admitted under Rule 90(c) and conclusively established pursuant to Rule 90(f) that petitioners had $24,637 of unreported income for 2008. Respondent has thus satisfied his burden of establishing a proper foundation of substantive evidence with regard to the alleged unreported income. See Weimerskirch v. Commissioner, 596 F.2d at 361-362.

**[\*9]** Before trial petitioners submitted to respondent documents consisting of invoices and canceled checks, which are reflected in the current disputed deficiencies. See table supra p. 2. Petitioners failed to submit additional documentation before or during trial. At trial petitioners testified that they could provide additional documentation relevant to the years at issue should the Court grant them leave. On May 17, 2016, the Court granted petitioners leave until June 9, 2016, to produce any additional documentation that would have been offered into evidence at trial. Contrary to their testimony, petitioners failed to provide additional documentation after trial with respect to their alleged unreported income or their claimed deductions. Thus petitioners have not satisfied their burden, or substantiated any of their claimed deductible expenses currently in dispute. Accordingly, petitioners are not entitled to their claimed deductible expenses to the extent determined by respondent.

III.    Section 6651(a)(1) Additions to Tax for Tax Years 2007 and 2008

Section 6651(a)(1) provides for an addition to tax when a taxpayer fails to file a return timely unless the taxpayer proves that the failure was due to reasonable cause and not due to willful neglect. Late filing is due to reasonable cause "[i]f the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time". Sec. 301.6651-

**[*10]** 1(c)(1), Proced. & Admin. Regs. For each month or fraction thereof for which the failure continues, section 6651(a)(1) adds 5% of the tax required to be shown on the return, up to a maximum addition of 25%.

The parties have stipulated that petitioners' Federal income tax returns for both tax years 2007 and 2008 were due on April 15, 2008 and 2009, respectively, and that both returns were filed on April 11, 2010. Respondent has therefore satisfied the burden of producing evidence that petitioners' 2007 and 2008 tax returns were filed late. See Wheeler v. Commissioner, 127 T.C. 200, 207-208 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008). At trial petitioners testified that during the years at issue and continuing through the date of trial, they both suffered from various medical conditions. We find that while these medical conditions have been compounded and exacerbated over the years, they did not at the time prevent petitioners from timely filing their 2007 and 2008 tax returns. Further, petitioners have presented no other evidence to suggest that failure to timely file was due to reasonable cause. Accordingly, we hold petitioners liable for the additions to tax under section 6651(a)(1) for tax years 2007 and 2008.

**[\*11]** IV.    <u>Section 6662(a) Penalties Determined Against Petitioners for Tax Years 2007-10</u>

Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty on any portion of an underpayment of Federal income tax that is attributable to, among other things, the taxpayer's "negligence or disregard of rules or regulations" or "substantial understatement of income tax."

An understatement of Federal income tax is substantial if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). If the understatements of income tax for the years at issue are substantial, the Commissioner has satisfied the burden of producing evidence that the penalties are justified.

Once the Commissioner has met his burden, the taxpayer may rebut the evidence that a section 6662(a) accuracy-related penalty is appropriate if he can demonstrate (1) reasonable cause for the underpayment and (2) that he acted in good faith with respect to the amount paid. Sec. 6664(c)(1). A determination of reasonable cause and good faith "is made on a case-by-case basis, taking into account all pertinent facts and circumstances." Sec. 1.6664-4(b)(1), Income Tax Regs.

[*12] After concessions, petitioners' deficiency amounts for tax years 2007-10 are $32,940, $49,541, $33,138, and $37,282, respectively. Petitioners reported Federal income tax liabilities of zero for all of the years at issue. After concessions, petitioners' deficiency amounts for tax years 2007-10 exceed $5,000, which is greater than 10% of the tax required to be shown on petitioners' returns for those years. The understatements of income tax for the years at issue are substantial, and thus respondent's burden has been satisfied.

Petitioners, again, point to their medical conditions as a defense to the accuracy-related penalties and have not presented any other evidence of reasonable cause for any portions of the underpayments. We find that petitioners' medical conditions during the years at issue did not rise to the level of reasonable cause and thereby preventing them from filing accurate tax returns. Accordingly, we sustain the accuracy-related penalties respondent determined for those years.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.